IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01762-PAB-NYW

CHARLES BUSTOS and
VICKI BUSTOS,

     Plaintiffs,

v.

TOWER INSURANCE COMPANY OF NEW YORK a/k/a Tower Group Companies and
NBIS CONSTRUCTION & TRANSPORT INSURANCE SERVICES, INC.,

     Defendants.

---

## MINUTE ORDER

---

### Entered by Judge Philip A. Brimmer

This matter is before the Court on the Stipulation for Dismissal With Prejudice of All Claims Against NBIS Construction and Transport Insurance Services and Plaintiffs' Second and Third Claims for Relief Against Tower Insurance Company of New York [Docket No. 33] filed by plaintiffs and defendant NBIS Construction & Transport Insurance Services, Inc. ("NBIS"). The parties seek a court order dismissing all claims asserted by plaintiffs against NBIS as well as plaintiffs' second and third claims for relief against Tower Insurance Company of New York ("Tower"), pursuant to Federal Rule of Civil Procedure 41(a)(2). Docket No. 33.

As an initial matter, Federal Rule of Civil Procedure 41 is not an appropriate mechanism for dismissing less than all claims against a particular defendant in an action. *See Gobbo Farms & Orchards v. Poole Chemical Co., Inc.*, 81 F.3d 122, 123 (10th Cir. 1996) (finding no authority "to support [plaintiff's] contention that Rule 41(a) applies to dismissal of less than all claims in an action"); *Utah Republican Party v. Cox*, 177 F. Supp. 3d 1343, 1372 (D. Utah 2016) ("Voluntarily dismissal of single claims is generally not allowed because Rule 41 refers to dismissal of 'actions,' not dismissal of claims."). Rather, the proper procedure is for plaintiffs to amend the complaint pursuant to Federal Rule of Civil Procedure 15. *See Cox*, 177 F. Supp. 3d at 1372; *Carskadon v. Diva Int'l, Inc.*, No. 12-cv-01886-RM-KMT, 2013 WL 1876784, at *2 (D. Colo. May 3, 2013). The parties' request to dismiss plaintiffs' second and third claims for relief against Tower pursuant to Federal Rule of Civil Procedure 41 is therefore denied.

Regarding the dismissal of plaintiffs' claims against NBIS, the stipulation for dismissal does comply with Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which

provides that the "plaintiff may dismiss an action *without a court order* by filing: . . . a stipulation of dismissal signed by all parties who have appeared." (emphasis added). Furthermore, "[*u*]*nless the notice or stipulation states otherwise*, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B) (emphasis added). Therefore, the claims against NBIS were dismissed with prejudice as of the entry of the parties' joint stipulation for dismissal with prejudice. No Court order is necessary.

For the foregoing reasons, it is

**ORDERED** that the Stipulation for Dismissal With Prejudice of All Claims Against NBIS Construction and Transport Insurance Services and Plaintiffs' Second and Third Claims for Relief Against Tower Insurance Company of New York [Docket No. 33] is DENIED insofar as it seeks dismissal of plaintiffs' second and third claims for relief against Tower Insurance Company of New York. It is further

**ORDERED** that the parties' stipulated dismissal with prejudice of plaintiffs' claims against NBIS Construction & Transport Insurance Services, Inc. was effective as of March 23, 2018, the date the stipulation was filed. It is further

**ORDERED** that, in light of the parties' stipulated dismissal of all claims against NBIS Construction & Transport Insurance Services, Inc., defendant NBIS Construction & Transport Insurance Services, Inc.'s Motion and Brief for Summary Judgment [Docket No. 23] is DENIED as moot.

DATED April 30, 2018.